UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                            Chapter 13

Randall Steven Hudock and                       Case No. 11-59343
Josephine V. Hudock,

                                                                            Hon. Phillip J. Shefferly

        Debtors.
_____/

## ORDER GRANTING APPLICATION FOR PRE-CONFIRMATION ATTORNEY FEES

The Court enters this order to grant an application for pre-confirmation attorney fees for the attorney for the Debtors in this Chapter 13 case. The background is as follows.

On July 15, 2011, the Debtors filed this Chapter 13 case. Reeds, Reeds, Hammerschmidt & Stickradt PC ("Law Firm") represents the Debtors. On April 16, 2012, the Court confirmed the Debtors' Chapter 13 plan. On May 1, 2012, the Law Firm filed an application (ECF No. 74) for pre-confirmation fees in the amount of $7,031.50 and reimbursement of costs in the amount of $55.30.

On May 16, 2012, the Chapter 13 Trustee filed an objection (ECF No. 75) to the Law Firm's application. There are three paragraphs in the Trustee's objection. The first paragraph objects to the "overall excessiveness of the fee application." The second paragraph objects to the hourly rates of the attorneys at the Law Firm. The third paragraph objects to the time entries relating to preparation of the Law Firm's fee application.

On June 19, 2012, the Court held a hearing on the Law Firm's application and the Trustee's objections. The Court overruled the Trustee's objection to the reasonableness of the hourly rates of the attorneys at the Law Firm who worked on the Debtors' case. However, the Court agreed with

the Trustee that a portion of the requested fees should not be allowed. The Court then granted the fees in the requested amount except for an $800.00 reduction which the Court made for reasons that it explained on the record. On June 28, 2012, an order (ECF No. 81) was entered memorializing the Court's ruling.

On July 12, 2012, the Trustee filed a notice of appeal to the United States District Court (ECF No. 82). On August 6, 2013, the United States District Court issued an opinion and order ("Opinion") (ECF No. 98) in district court case no. 12-13965 reversing this Court's order granting the Law Firm's application. The Opinion held that this Court improperly applied the lodestar analysis required by the Sixth Circuit Court of Appeals in In re Boddy, 950 F.2d 334 (6th Cir. 1991). Under the lodestar analysis required by In re Boddy, "the court will arrive at an attorney's fee by first determining the 'lodestar' amount, which is calculated by 'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.'" Id. at 337. The Opinion found that this Court failed to properly apply the lodestar analysis because it "reduced the fee award by a nominal amount – $800 – without determining the reasonable number of hours actually worked by counsel." (Opinion, p. 9.) The Opinion held that In re Boddy "expressly required a specific calculation of the lodestar amount." (Opinion, p. 9.) The Opinion concluded by reversing and remanding the case for further proceedings, and instructed this Court on remand to "undertake a proper lodestar analysis, including determination of the reasonable number of hours worked by the debtors' counsel." (Opinion, p. 9.)

Pursuant to the Opinion, the Court held a hearing on remand on September 24, 2013. At that hearing, the Trustee stood by her written objections to the Law Firm's application filed on May 16, 2012. When asked which specific charges, if any, that the Trustee objected to, the Trustee identified

the following hours set forth in the Law Firm's application, and requested that they be disallowed because they provided no benefit to the estate or to the Debtors:

**ADVERSARY**

| | | | |
|---|---|---|---|
| 9-12-11 | Review of documents, mortgages, and Draft Adversary Complaint | MAH | .5 hrs. |
| 10-5-11 | Receipt & Review of Bank of America's Answer and Affirmative Defenses to Adversary Complaint | AV | .4 hrs. |
| 10-28-11 | Draft Parties Rule 26(f) Conference | MAH | .3 hrs. |
| 10-31-11 | Travel to and from and attend Initial Scheduling Conf. | AV | 1.5 hrs. |
| 12-22-11 | T/C with appraiser for Debtors re: value of home | AV | .2 hrs. |
| 2-16-12 | E-Mail with attorney for mortgage company re: possible Bifurcated claim on mortgage for resolution | AV | .2 hrs. |
| 3-1-12 | Draft Stipulation for Dismissal of Adversary | AV | .2 hrs. |

**CHAPTER 13 PLAN**

| | | | |
|---|---|---|---|
| 10-11-11 | Travel to and from and attend Confirmation Hearing (pro-rated among 2 cases) | AV | 1.0 hrs. |
| 12-6-11 | Travel to and from and attend Confirmation Hearing | AV | 2.0 hrs. |
| 2-14-12 | Travel to and from and attend Confirmation Hearing | AV | 2.0 hrs. |

At the hearing on remand, the Trustee argued that none of the charges under "Adversary" provided a benefit to the estate or to the Debtors, and were therefore unreasonable, because there was equity in the Debtors' residence, the Debtors were not entitled to a lien strip, and the adversary proceeding was ultimately dismissed by the Debtors. Similarly, the Trustee argued that the charges under "Chapter 13 Plan" consisted of time entries to attend three separate confirmation hearings prior to the hearing that actually resulted in confirmation of the Debtors' plan on April 10, 2012. According to the Trustee, none of the time entries for attendance at the first three confirmation

hearings identified by the Trustee provided any benefit to the estate or to the Debtors because these multiple confirmation hearings and the adjournments of each of them were all due to the futile lien strip adversary proceeding that the Debtors had filed.

The attorney from the Law Firm who attended the remand hearing conceded that the adversary proceeding was dismissed, and that the Debtors were not entitled to any relief in it. Nonetheless, the attorney argued that there was still some benefit to the Debtors because the Debtors were successful in negotiating a resolution of the claim of the mortgage holder, which the attorney suggested was, at least in part, related to the adversary proceeding that was filed by the Debtors. The attorney for the Law Firm also stated that the services related to the first three confirmation hearings were necessitated in part because of health problems experienced by one of the Debtors, and because there were issues separate from the adversary proceeding relating to objections made by the Trustee and information sought by the Trustee concerning a trust that the Debtors had an interest in, and a transfer of mineral rights made by the Debtors.

Pursuant to the direction of the Opinion, the Court has now reviewed the reasonableness of the hourly rates charged by the Law Firm and the reasonableness of the hours expended by it.

As for the reasonableness of the hourly rates of the Law Firm, no new information was brought to the Court's attention at the remand hearing. Marguerite Hammerschmidt charged $250.00 per hour on this file. Andrijana Vujic charged $215.00 per hour. The Court is very familiar with both of them and their practices. They practice regularly before the Bankruptcy Court. Based upon their years of experience, the number of cases they have handled, and the competence they have demonstrated before this Court in many other cases, the Court found at the June 12, 2012 hearing, that the hourly rates that they charged in this case are reasonable. The Opinion did not reverse this Court's findings regarding the reasonableness of those hourly rates. For the reasons

explained by the Court at the June 12, 2012 hearing, the Court still finds that the hourly rates charged by the Law Firm in this case are reasonable.

As for the hours that were charged in this case, the Court begins by noting that it has reviewed the specific charges that the Trustee has objected to but, in addition, it has independently and thoroughly reviewed all of the charges set forth in the fee application. The Court agrees with the Trustee that none of the hours expended by the Law Firm under "Adversary" were reasonably likely to provide a benefit to the estate or to the Debtors. None of those hours were reasonable because the adversary proceeding that was filed was futile, and the Law Firm had sufficient facts in its possession based upon the Debtors' own schedules in the bankruptcy case to know that the adversary proceeding was futile even before it was filed. The total of 3.3 hours charged by the Law Firm under "Adversary" add up to $737.50. The Court disallows all of those hours, because none of those services were reasonably likely to benefit the estate or the Debtor, and all of them were therefore excessive.

The Court overrules the Trustee's objection to the time entry for the first confirmation hearing. A review of the Chapter 13 file shows that the Trustee had made a number of objections to confirmation prior to the first scheduled confirmation hearing on October 11, 2011, quite apart from issues relating to the adversary proceeding or the Debtors' attempt to strip the lien from their residence. Consistent with the representations made by the attorney from the Law Firm at the hearing on remand, the objections to confirmation filed by the Trustee on September 9, 2011 (ECF No. 32) raised issues regarding additional information needed by the Trustee concerning a trust in which the Debtors had an interest, and concerning the Debtors' mineral rights and the value of those rights. The Trustee's written objections identified a number of other issues as well. The explanation by the attorney from the Law Firm at the remand hearing that the first confirmation hearing needed

-5-

11-59343-pjs    Doc 102    Filed 09/30/13    Entered 10/01/13 09:01:01    Page 5 of 7

to be adjourned for reasons not limited to the adversary proceeding was credible and is consistent with the Court's review of the file. Therefore, the Court overrules the Trustee's objection to the first confirmation hearing's services on October 11, 2011.

However, the Court agrees with the Trustee that the hours incurred by the Law Firm in connection with the second confirmation hearing on December 6, 2011 and the third confirmation hearing on February 14, 2012 are not reasonable and should be disallowed. The Chapter 13 confirmation certificate filed by the Law Firm on November 30, 2011 (ECF No. 51) in advance of the second confirmation hearing scheduled for December 6, 2011 states that the Debtors request an adjournment "to resolve mortgage creditor objection." Similarly, the confirmation certificate filed by the Debtors on February 8, 2012 (ECF No. 56), just prior to the third confirmation hearing, states that the Debtors request an adjournment "to resolve mortgage creditor objection." While it is certainly reasonable for the Debtors to have needed an adjournment of one confirmation hearing to deal with the Trustee's objections regarding the trust, mineral rights and other issues, the Court agrees with the Trustee that it was not reasonable to have a second and third confirmation hearing where the only reason offered by the Debtors in their confirmation certificates for such additional confirmation hearings was to resolve the outstanding issue with the mortgage creditor. The Debtors surrendered the home to their mortgage creditor and dismissed their own adversary proceeding. It is hard to see how two adjournments of confirmation hearings to address the issues pertaining to the mortgage creditor were needed on December 6, 2011 and February 14, 2012. Therefore, the Court will disallow the charges for the 2 hours on December 6, 2011 and for the 2 hours on February 14, 2012. The total for those two disallowed charges is $860.00.

The Court has independently reviewed all of the charges by the Law Firm. The Court finds that all of the other charges by the Debtors in this case are reasonable. All of the hours that they

-6-

11-59343-pjs    Doc 102    Filed 09/30/13    Entered 10/01/13 09:01:01    Page 6 of 7

expended are reasonable in light of the services they provided and in light of the other factors set forth in § 330(a)(3).

In sum, pursuant to the Opinion, the Court disallows $737.50 for all the charges under "Adversary," and disallows $860.00 of charges under "Chapter 13 Plan" for the second confirmation hearing on December 6, 2011 and the third confirmation hearing on February 14, 2012. The Court finds that all of the other hours described in the Law Firm's fee application are reasonable and compensable. Performing the calculation that the Opinion requires, the Court finds that 24.2 hours are reasonable and compensable, and when multiplied by the reasonable hourly rates of the Law Firm, produce a reasonable fee of $5,434.00. Accordingly, the Court will award fees in the amount of $5,434.00 and reimbursement of costs in the amount of $55.30.

**IT IS SO ORDERED**.

.

**Signed on September 30, 2013**

                                         **/s/ Phillip J. Shefferly**
                                       **Phillip J. Shefferly**
                                       **United States Bankruptcy Judge**